UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CASSIUS LAMAR GAY                             CASE NO:_____

VERSUS                                                          JUDGE:_____

CITY OF BOSSIER CITY,
BOSSIER CITY POLICE DEPARTMENT,
SEAN BANDY and KEVIN WOOTEN

**ORIGINAL COMPLAINT AND JURY DEMAND**

This is a civil action for legal and equitable relief bought under 42 USC § 1983, 42 USC § 1985 and Louisiana Law.

I.   PARTIES

1.   Plaintiff, CASSIUS LAMAR GAY, (hereinafter "GAY") is a person of the age of majority and domiciled in the State of Louisiana.

2.   Made defendants herein are:

a)   CITY OF BOSSIER CITY, hereinafter referred to as ("CITY"), a governmental entity and political subdivision of the State of Louisiana, Parish of Bossier, who may be served through the Mayor of Bossier City, Lorenz Walker, at 620 Benton Road, Bossier City, Louisiana 71111;

b)   BOSSIER CITY POLICE DEPARTMENT, hereinafter referred to as ("POLICE DEPARTMENT"), a departmental agency of the CITY OF BOSSIER, who may be served through the Chief of Police, Shane McWilliams, at 620 Benton Road, Bossier City, Louisiana 71111;

c)   SEAN BANDY, hereinafter referred to as ("BANDY"), a Police Officer and

1

employee of the CITY OF BOSSIER CITY, POLICE DEPARTMENT, a major resident and domiciliary of Bossier Parish, who may be served 620 Benton Road, Bossier City, Louisiana 71111. SEAN BANDY is sued in his individual and official capacities; and

      d)      KEVIN WOOTEN, hereinafter referred to as ("WOOTEN"), a Police Officer and employee of the CITY OF BOSSIER CITY, POLICE DEPARTMENT, a major resident and domiciliary of Bossier Parish, Louisiana, who may be served at 620 Benton Road, Bossier City, Louisiana 71111. KEVIN WOOTEN is sued in his individual and official capacities.

## II. JURISDICTION AND VENUE

      3.      This Court has jurisdiction as the plaintiff's claims arise under the laws of the United States and the United States Constitution. This Court has supplemental jurisdiction to hear and decide those claims arising from the same facts and circumstances and asserted under Louisiana Law. Venue is proper in this Court pursuant to 28 USC § 1391(b) because the acts giving rise to the claims asserted in this lawsuit occurred in this judicial district.

## III. FACTUAL BACKGROUND

      4.      On or about May 10, 2015, GAY was a patron and invitee of Margaritaville Casino, located at 777 Margaritaville Way, Bossier City, Louisiana 71111.

      5.      After being a business invitee/patron of Magrgaritaville, plaintiff was abruptly forced to leave by Margaritaville employees.

      6.      Upon GAY's exit of the Margaritaville Casino building, GAY attempted to contact a friend or relative to come pick him up from the Casino premises.

      7.      GAY was approached by officers/employees of the CITY, POLICE DEPARTMENT, namely, BANDY and followed by WOOTEN.

      8.      BANDY grabbed the left arm of GAY and WOOTEN grabbed the right arm of

GAY, while GAY was still attempting to make a phone call, and pulled GAY's arms behind his back. GAY did not resist WOOTEN or any other officer.

9. WOOTEN then grabs GAY's right neck and shoulder area. WOOTEN then strikes GAY with his forearm under GAY's chin to throat area, knocking a cap off of GAY's head. GAY did not resist.

10. WOOTEN then stepped back and thrusted forward hitting GAY in the face, at which time GAY's knees buckled to the ground. At this time, BANDY attempts to knock GAY's legs out from under him and WOOTEN and BANDY take GAY down to the ground on his right side. WOOTEN then repositions himself and forces his right knee into GAY's upper torso area and BANDY and WOOTEN continue to brutalize GAY, with excessive force. GAY does not resist.

11. BANDY and WOOTEN used excessive force in hand-cuffing GAY, who was not advised prior to the physical attack by BANDY and WOOTEN as to why he was being arrested or taken into custody.

12. While GAY was being placed into the backseat of the patrol car, BANDY and/or WOOTEN sprayed GAY in the face several times with chemical spray.

13. The Bossier City Fire Department was called to the scene to medically evaluate GAY, and was then taken to University Health for further medical treatment.

14. Thereafter, GAY was booked into the Bossier City Jail and charged with Battery of a Police Officer, Resisting Arrest and Disturbing the Peace Drunk.

15. BANDY and WOOTEN physically abused, publicly exploited and publicly humiliated GAY. These Defendants acted individually and in concert and knew, or reasonably should have known that their conduct would cause GAY to suffer physical injuries,

humiliation and emotional distress.

## IV. CAUSES OF ACTION

### 42 USC § 1983

16. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 15 above.

17. Defendants acted under color of law in their capacities as service employees of the CITY, POLICE DEPARTMENT. They abused their authority as public servants by discriminating against GAY.

18. Defendants violated GAY's right to equal protection, as guaranteed to MORGAN by the Fourteenth Amendment to the United States Constitution by treating him differently from other guests and visitors of the casino or individuals within the Bossier City limits.

19. Federal Law forbidding harassment as a mechanism for the denial of equal protection was well established at the time these Defendants cruelly harassed and physically abused GAY.

20. Defendants acted with knowing and/or reckless disregard of GAY's established Fourteenth Amendment right to equal protection.

21. Plaintiff alleges that the CITY and POLICE DEPARTMENT, with deliberate indifference, gross negligence and reckless disregard to the safety, security and constitutional statutory rights of the complainant and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices or customs and usages of among other things:

    a) Subjecting people to unreasonable use of force against their persons;

b) Selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence, negligence and other misconduct;

c) Failing to adequately discipline officers involved in misconduct;

d) Condoning and encouraging officers in the belief that they can violate rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

e) Failing to adequately train, supervise, equip and control employees to ensure that unqualified officers are removed from the police force;

f) with knowledge of the risks and consequences, defendants, CITY and POLICE DEPARTMENT, failed to take reasonable steps to ensure that the public would not be harassed, injured, harmed or subjected to violations of their Civil Rights by Officers of the CITY OF BOSSIER CITY, POLICE DEPARTMENT;

g) Defendants, CITY OF BOSSIER CITY, POLICE DEPARTMENT, had a policy, practice, or custody of failing to train or failing to adequately train its officers regarding determining whether the appropriate criteria had been met to justify or warrant detention of members of the public.  The failure of defendants, CITY OF BOSSIER CITY and BOSSIER CITY POLICE DEPARTMENT, to properly train officers in the conduct of appropriate detention of members of the public constitutes deliberate indifference to the rights of person with whom the officers come in contact, including, but not limited to, CASSIUS LAMAR GAY.  Defendants disregarded the known and obvious risks and consequences of failing to properly train officer of the CITY OF BOSSIER CITY and BOSSIER CITY POLICE DEPARTMENT; and

h) As a direct and proximate result of the conduct of the defendants, CITY OF

BOSSIER CITY, BOSSIER CITY POLICE DEPARTMENT, SEAN BANDY and KEVIN WOOTEN, the plaintiff, CASSIUS LAMAR GAY, sustained personal injuries and damages.

22. Complainant is informed and believes, and on the basis of such information and belief alleges, that the entity defendants and their decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custody and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of plaintiff.

## V. LOUISIANA TORT LAW

23. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 22 above.

24. GAY asserts claims under La. Civil Code Articles 2315 and 2324.

## VI. CIVIL CODE ARTICLE 2324 - CONSPIRACY

25. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 24 above.

26. BANDY and WOOTEN conspired to cause GAY harm.

27. These Defendants conspired to continuously humiliate, degrade, abuse and harass GAY.

## VII. TORTS

28. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 27 above.

39. The torts committed by BANDY and WOOTEN, individually and in furtherance of the conspiracy, include, but are not limited to, Battery, Assault, False Imprisonment, Defamation, and Intentional Infliction of Emotional Distress.

## VIII. ASSAULT AND BATTERY

40. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 39 above.

41. Defendants purposefully attacked GAY in ways that were harmful or offensive to GAY.

42. Defendants administered noxious fluids and substances to GAY.

## IX. FALSE IMPRISONMENT

43. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 42 above.

45. Defendants falsely imprisoned GAY by forcing him to succumb to their abuse and being sprayed in the face several times with a chemical spray, without cause, for their own personal amusement, against his will;

46. Defendants falsely imprisoned GAY by arresting him for charges that were unfound and false giving rise to the instant causes of action.

## X. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff incorporates herein by reference, as if set out in full, the allegations of paragraphs 1 through 46 above.

48. Defendants intended, or were substantially certain that their actions would cause GAY embarrassment and extreme emotional distress.

49. Defendants' actions shock the conscious as said acts are far beyond the

toleration of a reasonable member of society.

50. Defendants' conduct caused MORGAN emotional problems, including humiliation and embarrassment, mental anguish, depression, anxiety and sleeplessness.

## X. CLAIMS AGAINST DEFENDANTS

51. Plaintiff incorporates herein as if set forth in full the allegations of paragraphs 1 through 50 above.

52. The CITY OF BOSSIER CITY and BOSSIER CITY POLICE DEPARTMENT employed defendants, BANDY and WOOTEN, and is liable via *respondeat superior* for their abuse of GAY and should be held liable for damages and injuries suffered by GAY arising from the torts of its employees.

53. Defendants, BANDY and WOOTEN, acted within the course and scope of their employment when they committed torts against GAY.

54. Defendants, BANDY and WOOTEN, were engaged in the performance of their duties when they negligently, or intentionally injured GAY through acts of harassment, assault, battery, and false imprisonment.

55. The Defendants, CITY OF BOSSIER CITY and BOSSIER CITY POLICE DEPARTMENT, are liable, in solido, via *respondeat superior* for the torts of conduct they were engaged to perform.

56. The conduct of each defendant, BANDY and WOOTEN, was such that each knew or should have known that their conduct would naturally and probably lead to injury or harm and they continued that conduct in conscious and reckless disregard of the consequences from which malice can be inferred and are also liable, in solido, via *respondeat superior* unto plaintiff for their actions.

## XI.  PRAYER

57.    CASSIUS LAMAR GAY, prays, seeks, and is entitled to damages, both punitive and compensatory, pre-judgment interest on all monetary awards, and reimbursement of his costs and attorney's fees.  Plaintiff also requests any and all other relief to which he may show himself entitled.

58.    Plaintiff requests a jury trial.

Respectfully submitted:

/s/ *H. Lyn Lawrence, Jr.*
H. Lyn Lawrence, Jr., Bar No. 22469
3985 Airline Drive
Bossier City, Louisiana  71111
Phone: (318) 741-9595
Fax:    (318) 741-9594
lyn@lynlawrence.com
ATTORNEY FOR PLAINTIFF

/s/ *Randall R. Robinson*
Randall R. Robinson, Bar No. 20344
1701 Old Minden Road, Suite 17A
Bossier City, Louisiana  71111
Phone: (318) 317-1340
Fax:    (866) 848-6908
roadking102164@yahoo.com
ATTORNEY FOR PLAINTIFF